UNITED STATES DISTRICT COURT

IN THE WESTERN DISTRICT OF MICHIGAN

BENJAMIN STANLEY,

    Plaintiff,

v.

PETSMART, LLC; RANDY WASON,
in his individual and professional capacity;
LISA DOE (whose last name is only known by
Defendants); in her individual and professional capacity;
JASON DOE (whose last name is only known by
Defendants), in his individual and professional capacity;
WENDY DOE, (whose last name is only known
by Defendants), in her individual and professional capacity;
REBECCA DUGGAN, in her individual and professional capacity;
KAREN MOORE, in her individual and professional capacity;
and JOHN DOE AND JANE DOE SUPERVISORS AND
EMPLOYEES OF PETSMART, LLC, in their individual
and professional capacities;

    Defendants.

Case No. 23-cv-301
Hon.

Eric D. Delaporte (P69673)
DELAPORTE LAW, PLLC
Attorney for Plaintiff
210 State St., Suite B
Mason, MI 48854
(517) 643-2626

## COMPLAINT

NOW COMES Plaintiff Benjamin Stanley (hereinafter "Mr. Stanley" or "Plaintiff"), by and through his attorney Eric Delaporte of Delaporte Law, PLLC, and files his Complaint against Defendants for violations of the Americans with Disabilities Act (ADA), the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), intentional infliction of emotional distress, and negligent hiring, retention, supervision, and training:

1

## GENERAL ALLEGATIONS

## JURISDICTION AND VENUE

1. This Complaint is brought under 29 U.S.C. §§ 12101, 12203, MCL 37.1602 for employment discrimination, retaliation, and Michigan common law for intentional infliction of emotional distress that occurred within the boundaries of this Honorable Court's jurisdiction.

2. Defendant PetSmart, LLC is a corporation headquartered in Phoenix, Arizona and conducts business in Kalamazoo, Michigan.

3. Defendant Randy Wason was the general manager of the PetSmart location at 5200 W Main St Kalamazoo, MI 49009 in 2020 and 2021.

4. Defendant Lisa Doe (whose last name is only known by Defendants) was the employee directly subordinate to Randy Wason in 2020 and 2021.

5. Defendant Jason Doe (whose last name is only known by Defendants) was the store manager of the PetSmart in Midland, Michigan where Plaintiff attended training.

6. Defendant Wendy Doe (whose last name is only known by Defendants) was a dog trainer certifier for PetSmart, LLC in 2020 and 2021.

7. Defendant Rebecca Duggan was the Senior Leave of Absence and Disability Case Manager for PetSmart, LLC in 2020 and 2021.

8. Defendant Karen Moore was a corporate employee of PetSmart, LLC in 2020 and 2021.

9. Defendants John Doe and Jane Doe supervisors and employees were employed by the PetSmart location at 5200 W Main St Kalamazoo, MI 49009 in 2020 and 2021.

10. Plaintiff is a Kalamazoo resident who uses a service dog to aid in his disability and was employed at the PetSmart location at 5200 W Main St Kalamazoo, MI 49009 in 2020 and 2021.

11. Plaintiff received two "Right to Sue" notices from U.S. Equal Employment Opportunity Commission on January 3, 2022 authorizing him to pursue his Complaint against PetSmart. [Exhibit A].

12. Jurisdiction based on federal question is proper pursuant to 28 U.S.C. §§ 1331 and 1343.

13. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims arising under statutory and common law pursuant to 28 U.S.C. § 1367.

14. Venue based on a substantial part of the events giving rise to the claim having occurred in this district is proper pursuant to 28 U.S.C. § 1391.

## COMMON FACTS

15. Plaintiff incorporates the previous paragraphs as if contained herein.

16. Mr. Stanley and the Mayor of Kalamazoo were at the Woodward Elementary School playing fetch with their dogs at Woodward Elementary Field in 2020, when Mr. Stanley told the mayor that he was struggling to find a job that would hire him with his service dog.

17. The Mayor suggested Mr. Stanley apply to work at a pet store, or other similar establishment, where management would not have a problem having a dog on the premises.

18. Based on the Mayor's advice, Mr. Stanley applied to work at PetSmart.

19. PetSmart hired Mr. Stanley as a dog trainer in July of 2020.

20. Mr. Stanley worked in the store located at 5200 W. Main Street, Kalamazoo, MI 49009.

21. At each of the interviews with PetSmart before his employment, of which there were many, Mr. Stanley stated that his understanding of employment was that he could have his dog present with him.

22. Each interviewer agreed that Mr. Stanley could have his dog present with him while working at PetSmart.

23. On the third day of Mr. Stanley's employment, Mr. Stanley was told that he could not bring his service dog to work with him.

24. The reason cited was that only trainers could have dog's present – disregarding the fact that PetSmart hired Mr. Stanley as a trainer.

25. At this point PetSmart was informed that Mr. Stanley's dog was a service dog.

26. In retaliation, PetSmart cut Mr. Stanley's hours to approximately four (4) hours per week. A supervisor of Mr. Stanley's explicitly stated that he had expected Mr. Stanley to quit when he cut the hours to four (4) hours per week.  The supervisor even went so far as to say, "I don't understand why you haven't quit yet," and that he was not sure how Mr. Stanley could survive on that little time and income.

27. In one conversation, the General Manager argued that he "did not have more hours to give" Mr. Stanley. During that same conversation, an employee approached the General Manager's to inform him that someone had arrived for an interview for the position Mr. Stanley held at the time.  When Mr. Stanley pointed out that the General Manager had just said he had no more hours to give, the General Manager provided no response.

28. During Mr. Stanley's time with PetSmart, he was harassed by his peers and his supervisors.

29. Mr. Stanley's supervisor systemically berated Mr. Stanley for most, if not all, of Mr. Stanley's shift.

4

30. The General Manager harassed and berated Mr. Stanley for putting the phone number from the EEOC into his phone that he had seen on a government mandated poster in the break room.

31. When the store manager and a regional manager were subsequently fired, the entire store staff blamed Mr. Stanley.

32. Mr. Stanley was forced to endure systemic beratement from his peers and floor supervisors while he was working the cash register.

33. Mr. Stanley could not escape the company-sanctioned abuse and harassment.

34. When Mr. Stanley fell ill, he requested to leave early to go home.

35. Mr. Stanley's immediate supervisor approved the request, and Mr. Stanley went home. He returned with a doctor's note qualifying him for sick leave.

36. The note was refused because PetSmart claimed to have fired Mr. Stanley for allegedly abandoning his post, despite his qualifying illness, disability, and supervisor's approval.

37. PetSmart unlawfully terminated Mr. Stanley on or about April 30, 2021.

## COUNT 1: Discrimination under the ADA

38. Plaintiff incorporates the previous paragraphs as if contained herein.

39. Under 42 U.S.C. § 12112, an employer shall not "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

40. Defendants discriminated against Mr. Stanley by preventing him the full use of his service dog, making it impossible for him to perform essential job functions without the reasonable accommodation of his service dog.

41. Defendants further discriminated against Mr. Stanley by failing to accommodate his use of a service dog while employed at PetSmart.

## COUNT 2: Retaliation and Intimidation under the ADA

42. Plaintiff incorporates the previous paragraphs as if contained herein.

43. Under 42 U.S.C. § 12203, no person shall discriminate against another individual because that individual opposed a practice made unlawful under either act.

44. Defendants retaliated against Mr. Stanley by drastically reducing his hours after requesting reasonable accommodations for the use of his service dog, in a clear attempt to intimidate Mr. Stanley into quitting his job.

45. Defendants further retaliated against Mr. Stanley by turning Mr. Stanley's peers and supervisors against him for simply asserting his rights under the ADA and PDCRA.

## COUNT 3: Intentional Infliction of Emotional Distress

46. Plaintiff incorporates the previous paragraphs as if contained herein.

47. Defendants, or those acting on behalf of, or conspiring with Defendants, and referred to herein, engaged in retaliatory conduct towards Plaintiff, including, but not limited to, intentionally reducing Mr. Stanley's hours in response to his requests for reasonable accommodation, berating Mr. Stanley, and creating a hostile work environment filled with harassment and other malicious acts.

48. Defendants' conduct was intentional.

49. The conduct was the cause of Mr. Stanley's complaint; and

50. The Defendants conduct caused Mr. Stanley severe emotional distress.

## COUNT 4: Discrimination under the PDCRA

51. Plaintiff incorporates the previous paragraphs as if contained herein.

52. Under 42 U.S.C. § 12112, an employer shall not "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

53. Defendants discriminated against Mr. Stanley by preventing him the full use of his service dog, making it impossible for him to perform essential job functions without the reasonable accommodation of his service dog.

54. Defendants further discriminated against Mr. Stanley by failing to accommodate his use of a service dog while employed at PetSmart.

COUNT 5: Retaliation under the PDCRA

55. Plaintiff incorporates the previous paragraphs as if contained herein.

56. Under MCL 37.1202, no person shall discriminate against another individual because that individual opposed a practice made unlawful under either act.

57. Defendants retaliated against Mr. Stanley by drastically reducing his hours after requesting reasonable accommodations for the use of his service dog, in a clear attempt to intimidate Mr. Stanley into quitting his job.

58. Defendants further retaliated against Mr. Stanley by turning Mr. Stanley's peers and supervisors against him for simply asserting his rights under the ADA and PDCRA.

COUNT 6: Negligent Hiring, Negligent Retention,
Negligent Supervision, and Negligent Training

59. Plaintiff incorporates the previous paragraphs as if contained herein.

60. Defendant PetSmart owed Mr. Stanley a duty of reasonable care.

61. Defendant PetSmart breached its duty of care by hiring individuals it knew to be unqualified.

7

62. Defendant PetSmart retained those individuals despite having knowledge of their illegal and inappropriate actions, negligently supervising those individuals, and negligently training those individuals.

63. Mr. Stanley was injured as a result of Defendant PetSmart's breach.

64. The injury to Mr. Stanley was a reasonably foreseeable consequence of PetSmart's breach.

WHEREFORE, Plaintiff, Benjamin Stanley, prays that this Honorable Court order the following:

65. Compel Defendant to train their employees and agents in state and federal disability law;

66. Award Mr. Stanley actual and compensatory damages;

67. Award Mr. Stanley punitive damages;

68. Award Mr. Stanley his attorney fees and costs;

69. Award Mr. Stanley whatever other legal or equitable remedies this Honorable Court deems reasonable and just pursuant to statute and common law.

70. Provide any other relief the Court deems fit.

DATED:   March 23, 2023

By: _____

Eric D. Delaporte (P69673)
DELAPORTE LAW, PLLC
210 State St., Suite B Mason, MI 48854
(517) 643-2626
Eric@DelaporteLaw.com

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Benjamin Stanley requests that this count and all previous paragraphs incorporated herein be tried by a jury.

DATED:   March 23, 2023

By: _/s/ Eric Delaporte_

Eric D. Delaporte (P69673)
DELAPORTE LAW, PLLC
210 State St., Suite B Mason,
MI 48854
(517) 643-2626
Eric@DelaporteLaw.com