UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN STANLEY, )
          Plaintiff, )
) No. 1:23-cv-301
-v- )
) Honorable Paul L. Maloney
PETSMART, LLC, *et al.*, )
          Defendants. )
)

## OPINION AND ORDER GRANTING IN PART DEFENDANT WASON'S MOTION TO DISMISS

Plaintiff Benjamin Stanley worked at PetSmart from July 2020 until April 2021. Soon after his employment ended, he filed this lawsuit alleging that the defendants violated his rights. Defendant Randy Wason, the general manager, filed this motion to dismiss (ECF No. 42). Wason generally argues that the complaint fails to allege specific acts by Wason that would give rise to a cause of action. The Court will grant the motion in part.

I.

Under the notice pleading requirements, a complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); see *Thompson v. Bank of America, N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. See *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a plaintiff pleads a cognizable claim. *Scheid v. Fanny Farmer Candy Shops, Inc.*,

859 F.2d 434, 436 (6th Cir. 1988). A plaintiff's factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement to relief*." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (italics in original).

To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a claim for relief that is "plausible on its face" and, when accepted as true, are sufficient to "raise a right to relief above the speculative level." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted). When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. for Bio-Ethical Reform*, 648 F.3d at 369. Naked assertions without further factual enhancement, formulaic recitations of the elements of a cause of action, and mere labels and conclusions will be insufficient for a pleading to state a plausible claim. *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citations omitted).

II.

Plaintiff has a disability and uses a service dog (ECF No. 1 Compl. ¶ 10 PageID.3). He began working at PetSmart in July 2020. On the third day of work, "Mr. Stanley was told

that he could not bring his service dog to work with him" (*id.* ¶ 23 PageID.4). Plaintiff pleads that "[a]t this point, PetSmart was informed that Mr. Stanley's dog was a service dog" (*id.* ¶ 25 PageID.4). PetSmart then cut Plaintiff's hours to approximately four hours a week (*id.* ¶ 26 PageID.4). Plaintiff asserts that PetSmart unlawfully terminated him around April 30, 2021 (*id.* ¶ 37 PageID.5).

The complaint mentions Defendant Wason or his title exactly three times. In paragraph 3, Plaintiff pleads that Wason was the general manager of the store where Plaintiff worked (Compl. PageID.2). Plaintiff refers the general manager in paragraph 27.

> In one conversation, the General Manager argued that he "did not have more hours to give" Mr. Stanley. During that conversation, an employee approached the General Manager's [sic] to inform him that someone had arrived for an interview for the position Mr. Stanley held at the time. When Mr. Stanley pointed out that the General Manager had just said he had no more hours to give, the General Manager provided no response.

(*Id.* PageID.4). Finally, in paragraph 30, Plaintiff pleads that "[t]he General Manager harassed and berated Mr. Stanley for putting the phone number from the EEOC into his phone that he had seen on a government mandated poster in the break room" (*id.* PageID.5).

Plaintiff structures the complaint to bring six causes of action. With the exception of Count 6, Plaintiff does not identify any particular defendant instead refers collectively to "Defendants." In Count 6, Plaintiff specifically pleads the claim against Defendant PetSmart.

### III.

#### A. Americans With Disabilities Act (ADA)

Plaintiff's first two causes of action arise under the ADA. For Count 1, Plaintiff pleads that "Defendants discriminated against Mr. Stanley by preventing him full use of his service

dog, making it impossible for him to perform essential job functions without the reasonable accommodation of his service dog" (Compl. ¶ 40 PageID.5). For Count 2, Plaintiff pleads that "Defendants retaliated against Mr. Stanley by drastically reducing his hours after requesting reasonable accommodations for the use of his service dog, in a clear attempt to intimidate Mr. Stanley into quitting his job" (*id.* ¶ 44 PageID.6).

The complaint fails to plead a claim against Defendant Wason under the ADA. Plaintiff has not pled facts to establish that Wason meets the ADA's definition of "employer." Wason argues that the ADA does not authorize liability for individuals. Plaintiff does not address this particular argument in his response. The ADA forbids discrimination by any "covered entity." 42 U.S.C. § 12112(a). The statute defines "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). Unless an individual meets the statutory definition of "employer," a plaintiff cannot hold an individual liable under the ADA. *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."); *accord E.E.O.C. v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir. 1995) ("However, we join analogous decision of our sister Circuits in holding that individuals who do not independently meet the ADA's definition of 'employer' cannot be held liable under the ADA."). The same limitation on individual liability applies to ADA retaliation claims. *Post v. Trinity Health-Michigan*, 44 F.4th 572, 578 (6th Cir. 2022).

### B. Intentional Infliction of Emotional Distress

In Count 3, Plaintiff pleads a claim for intentional infliction of emotional distress. As part of the claim, he pleads that, among other things, Defendants engaged in retaliatory conduct, berated him and created a hostile work environment (Compl. ¶ 47 PageID.6). Defendant argues that the allegations about him in the complaint do not arise to the level of conduct necessary for the tort. Defendant describes the allegations against him specifically as arguments about the number of work hours and about putting the EEOC's contact information in a phone.

Under Michigan law, to establish a claim for intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress. *Swain v. Morse*, 957 N.W.2d 396, 411 (Mich. Ct. App. 2020); *see Roberts v. Auto-Owners Ins. Co.*, 374 N.W.2d 905, 908 (Mich. 1985). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (citation omitted). Quoting from the comments in the Restatement Torts (Second), the Michigan Supreme Court explained that it is not "enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Roberts*, 374 N.W.2d at 908 (quoting Restatement (Second) Torts § 46, cmt. d); *see VanVorous v. Burmeister*, 687 N.W.2d 132, 142 (Mich. Ct. App. 2004) *overruled on other grounds by Odom v. Wayne Cty.*, 760 N.W.2d 217 (Mich. 2008) ("The threshold

for showing extreme and outrageous conduct is high. No cause of action will necessarily lie even when a defendant acts with tortious or even criminal intent."). In addition, "plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind." *Roberts*, 374 N.W.2d at 909 (quoting Restatement (Second) Torts, § 46, cmt. d).

Plaintiff has not pled sufficient facts to state a claim for intentional infliction of emotional distress against Defendant Wason. The allegation that Wason "harassed and berated" Plaintiff, without more, does not provide a basis for finding extreme and outrageous conduct. Plaintiff does not plead any facts to show what Wason did to harass and berate Plaintiff. *See, e.g., Cranford v. Wayne County Sheriff*, No. 218859, 2001 WL 637408, at *6 )(Mich. Ct. App. May 25, 2001) (per curiam) (involving a claim for intentional infliction of emotional distress arising from acts designed to punish and humiliate and employee where the court dismissed the claim because the act, a transfer from one department to another without any demotion or reduction in pay, did not constitute extreme and outrageous conduct). Insults, indignities and threats do not meet the test for extreme and outrageous conduct. *Swain*, 957 N.W.2d at 411. Plaintiff's allegation amounts to little more than a naked assertion, a formulaic recitation of the elements of a cause of action, which does not survive a motion to dismiss. *See SFS Check,* F.3d at 355.

C. Individual Acts

As a blanket argument applying to all claims against him, Wason argues that the complaint fails to allege specific acts that would give rise to a claim against Wason. Wason

contends the conclusory references to "defendants" within the allegations for each cause of action does not meet the requirements to survive a Rule 12(b)(6) motion.

Paragraphs 27 and 30 of the complaint contain sufficient information about Wason's acts to provide him with notice of the basis for the cause of action against him. While the factual allegations in the "counts" portion of the complaint do refer to "defendants" generically, the "common facts" portion of the complaint sets forth specific acts by Wason. The Court notes that Plaintiff frequently uses passive voice in many of the paragraphs in the complaint (*e.g.,* ¶ 23 "Mr. Stanley was told …"). Those paragraphs do not provide a basis for a claim against Wason. *See, e.g., Peters v. Metro. Gov't of Nashville and Davidson Cty., Tennessee*, No. 3:18cv564, 2021 WL 5054103, at *6 n.7 (M.D. Tenn. Nov. 1, 2021) (noting that the allegations alleged in the passive voice do not specify an actor); *Pethtel v. State of Tennessee Dep't of Children Services*, No. 3:10cv469, 2020 WL 6827791, at *4 (E.D. Tenn. Nov. 20, 2022) (noting that because the complaint used passive voice after referring "to a variety of defendants for separate events" "neither directly, nor through context or inference, indicate[] which defendants made these allowance.") For the purpose of this particular argument only, the Court does not make any conclusions about whether the allegations about Wason's actions provide a basis for liability; the Court concludes only that the complaint provide enough information about the acts for Wason to understand the basis for the claims against him.

### D. Arbitration

To the extent any claim survives the motion to dismiss, Wason requests the Court compel arbitration. Wason relies upon and incorporates by reference PetSmart's motion to compel arbitration.

Contemporaneous with this Opinion and Order, the Court will issue an opinion and order denying PetSmart's motion to compel arbitration. PetSmart invoked the arbitration provision as part of a motion to dismiss and relied on a document outside the scope of the pleadings. Because Rule 12(b)(6) does not permit a court to consider matters outside the pleadings, the Court must deny that motion and must also deny Wason's request here.

### E. Leave to Amend

If the Court grants any portion of Wason's motion, Plaintiff requests the Court allow him to file an amended complaint.

The Court declines Plaintiff's request. Plaintiff has not properly brought his request before the Court. Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Plaintiff has not filed any motion seeking leave to file an amended complaint. Furthermore, the Local Rules require a party seeking to amend a complaint to include the proposed pleading as an attachment. W.D. LCivR 5.7(f), which Plaintiff has not done. District courts may deny leave to amend when a plaintiff does not file a motion to amend with proposed amended pleading and instead makes a "mere passing suggestion" in a response to a motion to dismiss. *Swanigan v. FCA US LLC*, 938 F.3d 779, 789 (6th Cir. 2019).

IV.

The Court finds that the complaint fails to state a claim against Wason for violations of the Americans With Disabilities Act (Counts 1 and 2) and also fails to state a claim against Wason for intentional infliction of emotional distress (Count 3). Plaintiff did not plead facts to establish that Wason may be considered Plaintiff's employer, a necessary element of any ADA claim. And, Plaintiff did not plead sufficient facts to establish that Wason's actions toward Plaintiff amounted to extreme and outrageous conduct. Plaintiff does provide facts about Wason's activities to give Wason notice of the basis for the claims against him. Wason does not specifically address Plaintiff's claims brought under Michigan's Persons With Disabilities Civil Rights Act (Counts 4 and 5).

## ORDER

For the reasons provided in the accompanying Opinion, the Court **GRANTS IN PART and DENIES IN PART** Defendant Wason's motion to dismiss (ECF No. 42). **IT IS SO ORDERED.**

Date:   January 25, 2024              /s/  Paul L. Maloney
                                      Paul L. Maloney
                                      United States District Judge